GEORGE C. MONTGOMERY, Respondent, *v.* ANGELINO SARTIRANO and WILLIAM J. RYAN, Appellants.

*Liability of the master for the acts of his servant — the motive of the servant is involved in determining whether the act was a wholly wanton act on his part or was done in his master's service.*

In an action brought against the keeper of a lodging house for injuries alleged to have been sustained by the plaintiff in being ejected therefrom, the plaintiff testified that the porter directed him to leave the premises and while he was going down stairs pushed him, causing him to fall; the porter testified that the plaintiff was drunk, called him vile names, started to go out and fell on the stairs.

*Held,* that it was an error to refuse to charge the jury "that the defendants are not liable for the acts of their agent or servant, not done within the scope of his authority or course of his employment."

That the jury in this case might have found that the plaintiff did call the porter names and that the porter pushed him, in which event it would be for the jury to say whether the pushing was done in the service of the defendant to eject the plaintiff, or was the wholly wanton act of the porter, angered at the insult given him.

APPEAL by the defendants, Angelino Sartirano and another, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Westchester on the 21st day of October, 1896, upon the verdict of a jury, and also from an order entered in said clerk's office on the 24th day of October, 1896, denying the defendants' motion for a new trial made upon the minutes.

*Edward B. Thomas,* for the appellants.

*Gustave S. Drachman,* for the respondent.

CULLEN, J.:

This action was brought to recover damages for personal injuries alleged to have been inflicted by the servant of the defendants upon the plaintiff. The defendants kept a lodging house in the city of New York. The plaintiff had stayed there one or two nights. According to the plaintiff's story he was sitting in the reading room when the porter of the defendants directed him to leave the premises, with which direction he complied; that while going down the stairs the porter pushed him, causing him to fall, as the result of which his leg was broken. The porter's story was that the plaintiff was drunk, sleeping first in the water closet and then in the reading room; that he did direct the plaintiff to leave; that the plaintiff responded by calling him vile names, but finally started down the stairs, where he fell and met the injuries, not from any act of the porter's, but from his own intoxicated condition. The cause was submitted to the jury, who found a verdict for the plaintiff, and from the judgment entered on that verdict this appeal is taken.

The case was clearly one for the jury, and the defendants' motion for a nonsuit was properly denied. Though the porter may have exceeded his instructions in the force employed by him against the plaintiff (assuming, as the jury have found, that the plaintiff's narration is true), still the defendants would be liable for such excess of force if it was used in the discharge of the porter's duty to his master to maintain order and eject intruders from the premises. (*Rounds* v. *D., L. & W. R. R. Co.*, 64 N. Y. 129; *Mott* v. *Consumers' Ice Co.*, 73 id. 543.)

When the cause was submitted to the jury the defendants asked the court to charge: "That the defendants are not liable for the acts of their agent or servant not done within the scope of his authority or course of his employment." This request was refused and the defendants excepted. This refusal was error and the error was more important because the court, in the body of the charge, had substantially instructed the jury that if the porter used excessive force against the plaintiff the defendants were liable. The rule of law on the subject of defendants' liability is clearly established by the two cases cited. If the act of the servant is done in the master's business and acting in the general scope of his authority, then the master is liable even though the servant abuses his authority and violates the instruc-

tion of the master. If the act committed by the servant is a willful, wanton wrong, done not in the performance of his duty to his master, but outside of his master's business, the master is not liable. The porter testified that the plaintiff called him vile names, and also, that he did not push the plaintiff. The jury might have found that the plaintiff did call the porter names, and yet have disbelieved the porter when he said that he did not push the plaintiff. In such case, it would have been for the jury to say whether the pushing of the plaintiff was done in the service of the master to eject the plaintiff, or was the wholly wanton act of the porter, angered at the insult given him. Generally the questions of the motive and intent of the servant and whether the act was done in the discharge of his employment are questions of fact for the jury and cannot be withdrawn from them. We feel, therefore, constrained to reverse this judgment.

All concurred.

Judgment and order reversed and new trial granted, costs to abide the event.